IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-400-ECM |
| | ) | [WO] |
| BRIAN O'NEAL GUICE | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

On July 9, 2025, Defendant Brian O'Neal Guice ("Guice") was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). (Doc. 1). The Government filed a motion for detention (doc. 4), and the United States Magistrate Judge held a detention hearing on September 10, 2025. The Magistrate Judge ordered that Guice be detained pending trial, finding that Guice poses a danger to the community. (Doc. 14).

Before the Court is Guice's appeal of the Magistrate Judge's detention order (doc. 18), which the Court construes as a motion to reverse the detention order. The Court has independently reviewed the proceedings before the Magistrate Judge, including the transcript of the detention hearing, the evidence presented, the Order of Detention (doc. 14), and the parties' submissions. Upon careful consideration, and for the reasons that follow, the Court concludes that Guice's motion is due to be denied without a hearing.

**II. JURISDICTION AND LEGAL STANDARD**

Pursuant to 18 U.S.C. § 3145(b), a defendant who has been ordered detained pending trial may move the court with original jurisdiction over the offense to revoke or

amend the detention order. In considering such a motion, the district court must undertake an independent, *de novo* review of the case. *United States v. King*, 849 F.2d 485, 489–90 (11th Cir. 1988).

In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of any other person and the community, the Court takes into account several factors, including: (1) the nature and circumstances of the offense charged, including whether the offense involves a firearm; (2) the weight of the evidence against the defendant; and (3) the defendant's history and characteristics. 18 U.S.C. § 3142(g).

### III. DISCUSSION

The Court has carefully reviewed the transcript of the detention hearing, the evidence presented, the Magistrate Judge's detention order, and the parties' arguments. The Court adopts the Magistrate Judge's factual findings and legal conclusions, with additional findings set out below.

The indictment arises out of Guice's alleged unlawful possession of a firearm on or about May 1, 2024. Guice also allegedly used the firearm in a shooting at a gas station located in Pike County, Alabama, in April 2024. In ordering that Guice be detained, the Magistrate Judge found that the Government had proven, by clear and convincing evidence, that "no conditions or combination of conditions will reasonably assure the safety of another or the community if [Guice] is released on bond pending trial." (Doc. 14 at 4). The Magistrate Judge also found that that Guice is not a flight risk. (*See id.* at 7 n.9).

Regarding the safety of the community, the Magistrate Judge highlighted the strength of the evidence that Guice possessed a firearm on May 1, 2024, when a search warrant was executed at Guice's residence; and in April 2024 during the gas station shooting. Guice contends that his release on bond will not endanger any person or the community because "a charge for a firearm offense alone is not enough to establish that [he] is a danger." (Doc. 18 at 4). Upon *de novo* review, the Court finds that Guice clearly poses a danger to the community. While Guice is correct that a firearm-related charge may not be sufficient by itself to establish danger, the fact of the pending charge is not the only reason, or even the primary reason, underlying the conclusion that Guice poses a danger.

The Court carefully reviewed the video surveillance footage from the April 2024 gas station shooting. The first video clearly shows Guice holding a firearm as he enters the gas station convenient store. (Doc. 13-4 at 04:27). Multiple people are seen entering and exiting the store around this time, including a male in a black shirt and red baseball cap who entered the store shortly before Guice. Although there is no audio, Guice appears to be talking to someone inside the store while holding the firearm. Several individuals attempt to coax Guice outside the store. Eventually Guice departs the store, and shortly thereafter, the man in a black shirt and red baseball cap exits the store with his hands raised. As the man is walking away from Guice with his hands raised, Guice discharges his firearm multiple times towards the man. The second video shows Guice shooting towards the man numerous times over the course of approximately nine seconds while moving across the

3

fuel pump area. (Doc. 13-5 at 05:34–43). It also shows that when Guice started shooting, two women were in close proximity to the male victim. (*Id.* at 05:34). Then, approximately forty seconds after the initial round of shots, Guice again discharges his firearm multiple times while innocent bystanders were in close proximity. (*Id.* at 06:17). Less than a month later, a search warrant was executed at Guice's residence, and law enforcement recovered a firearm. Testing determined that the shell casings recovered from the April gas station shooting matched the firearm recovered from Guice's residence pursuant to the search warrant.

The evidence of Guice's alleged conduct is extremely alarming and supports the conclusion that, contrary to Guice's assertion, he poses a danger to the community which cannot be mitigated by any condition or combination of conditions. This conclusion is further underscored by Guice's extensive criminal history, including multiple convictions for firearm possession and violence. For example, in 2005, Guice pleaded guilty to second degree assault arising out of an incident in which he opened fire in a public area and shot the victim, killing him. While the Court acknowledges this conviction is approximately twenty years old, Guice has since been convicted of various firearm-related offenses, domestic violence, and possession with the intent to distribute cocaine. Upon *de novo* review, the Court concludes that Guice poses a danger to the community, and the Government has proven, by clear and convincing evidence, that no condition or

combination of conditions would reasonably assure the safety of the community if Guice were released on bond pending trial.[1]

## IV.  CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Guice's motion to reverse the Magistrate Judge's detention order (doc. 18) is DENIED, and the Magistrate Judge's detention order (doc. 14) is AFFIRMED.

DONE this 9th day of October, 2025.

                                     /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court carefully considered Guice's positive attributes, including his gainful employment and ties to the Middle District, and his proposed conditions of release, and the Court finds them insufficient to support Guice's release on bond pending trial. Additionally, because detention is warranted based on Guice's danger to the community alone, the Court pretermits discussion of whether Guice poses a flight risk. *See United States v. King*, 849 F.2d 485, 488 (11th Cir. 1988).